Mr. Gambino, or excuse me, Ms. Gambino, I had my cheat sheet here covered incorrectly. Ms. Gambino Thank you. Good morning, your honors, Judge Smith, Judge Benton, and Judge Erickson. It's my privilege to be here on behalf of Rasheem Bogan, and there are three issues before the court this morning. The first was the district court's error in denying Mr. Bogan's motion to dismiss the indictment in violation of his due process rights by including in the indictment a juvenile offense of which he was convicted and using that to establish his participation in a RICO conspiracy. The second issue is whether the court should reconsider its opinions in Jackson and Cunningham in the wake of Rahimi and Cooper with respect to whether the felon in possession is unconstitutional. Judge Smith Can we even reach that question because of the prior panel rule? You don't have to save that for another day because post Rahimi we've had plenty of cases that say Jackson's still good law. Ms. Gambino That's correct, your honor, but you also have what appears to be an inconsistency between the finding in Jackson and the findings in Cooper and the Supreme Court's decision in Rahimi focusing on the need for individual analysis and seeming to reject the opinion in Jackson which says there's no need to do a felon by felon analysis. And I think that the court in Cooper was very specific about the relying on the need to show an individual's dangerousness and also the second factor which hasn't been considered is that these prohibitions are temporary and not permanent. Whereas in the case of banning an entire category of people it's set up to be permanent and not temporary. There's no due process in determining whether a nonviolent felon should also be prohibited from possessing ammunition. So yes, I do think there's room for this panel to at least look at the inconsistency between Jackson and Cunningham on the one hand and Cooper on the other in the context of Rahimi. So that's why we're asking you to do that. And of course our third issue is the substantive unreasonableness of Mr. Bogan's sentence. So, going back to issue number one, the problem with upholding the inclusion of the juvenile – I'm sorry, is there – the problem with upholding the use of a juvenile offense to determine participation in a RICO conspiracy is many fold, particularly after the Supreme Court's decision in Roper v. Simmons, which happened in 2005, I believe, and post-dated the cases that were relied upon by the district court to rationalize the inclusion of this juvenile conviction as being part of an ongoing conspiracy. And the problem with that – What about our Wright case? Because it is 2008 after Roper. You know our United States v. Wright case of 2008, W-R-A-G-H-T? Yes, Judge. I think that that similarly did not look carefully at the findings of Roper with respect to a juvenile. Did it even cite Roper? I don't know. Did Wright cite Roper? I don't recall that it did, Judge. I don't know one way or another. So Roper, in looking at juveniles, found generally speaking they're less culpable, they have a lack of maturity, they have a vulnerability or a susceptibility to negative influence, which is particularly at play in Mr. Bogan's case, where he was included in this original offense by an older brother and his older brother's friend. He was only 14 at the time the – what would amount to ratification of earlier participation at that impressionable youthful age, but then subsequently after obtaining majority, there is a resumption of any – I guess what in contract terms would be a ratification of earlier involvement in the activities. My – our position, Your Honor, is that the ratification doctrine doesn't make sense in light of the findings of Roper v. Simmons, because basically what you have are two different human beings that you're talking about. Do you have a case that says that? Because you actually have the same person but two different people because of developmental changes, correct? Right. And so interesting argument, perfectly valid with the social sciences that has developed through the years. The question is, do you have a case where anyone else has gone down that path? I do not, Your Honor. I'm asking you perhaps to be among the first. I think that this is a very important issue, the separation between juvenile and adult, and particularly the ratification. And is this the right case when you look at – there are other predicate acts that are alleged, and the other predicate acts may be sufficient to establish the RICO organization notwithstanding? With respect to Mr. Bogan, no, Judge, because he was alleged to have committed two predicate acts, basically this first one when he was a juvenile, and the second one didn't occur until 2020. But isn't there a pattern? The other side makes a big point of this. There's a pattern of racketeering acts after age 18. The pattern doesn't start again – there's not a pattern, Judge, because – at least as alleged in the indictment, because the acts alleged as predicate acts with respect to Mr. Bogan in which he participated were the 2006 and then the 2020 incident at Necker's Jewelers. There was no specific allegation with respect to drug – specific drug transactions and the other incidents that they discuss were not incidents in which Mr. Bogan was criminally responsible. He participated in a gambling game after which activity – criminal activity occurred in which he was not involved. And similarly, with respect to the chase of the police officers and the shootings which happened on June 1st, he was not involved in those either, but called to check on the – on his friends afterwards. So his involvement there, too, was not criminal. So it would make a difference in Mr. Bogan's case. Was it gambling? Would it have been gambling of the nature described? That would not have been lawful under Iowa law, would it? I mean, it doesn't seem to me like it's any kind of unauthorized gambling that the statute allows, and it seemed like the gambling that was involved was more – was a larger scale gambling and it was, in fact, sort of more of a commercial kind of gambling that would otherwise be unlawful, right? And, you know, you don't need a conviction. You just need to show that guys are out there doing crime or things that could be criminal. That's correct, Judge, but what you're talking about are two different – you're also talking about the problem of 20 years separating the first and the second. And so you can't include the first one without great prejudice to the defendant, without violating his right to due process, because there's no indication either from the bare face of the indictment that the conspiracy is the same. The only individuals involved in the 2006 case and the 2020 case were juveniles. So there is that problem as well. So it does make a difference with respect to how Mr. Bogan made his decision to proceed to trial or not. I see I'm moving into my rebuttal time, so I will relinquish and save. Thank you. Good morning, and may it please the Court. This case boils down to a rather obvious conclusion that the Juvenile Delinquency Act does not apply to somebody who's charged at age 31. And as Your Honor recognized, the Wright case gets us there. The Wright court said after age 21, the Juvenile Delinquency Act simply does not apply. To the extent the court wants to go beyond Wright, there's a clear consensus among all the other circuits that the district court cited that for acts of continuing crimes... But by the negative pregnant in some of your sentences, nobody has said that. They've just not done anything about all the prior flood of cases that are prior to the Supreme Court's case in Brumperr. If I'm understanding your question correctly, yeah. Because you're careful to say, well, those circuits reversed their law or changed their law, is the way you say it. That's what I mean by the negative inference from the way you write it. No, there's been no case where another circuit has found that after Roper, that somehow changes the situation. Right, but one hasn't come forward and said it did change or doesn't change. There's no published opinion since then by another circuit, right? Look at the district court's opinions. They're all before Roper. Okay. And maybe the ones that the district court cited are all before Roper. I won't speculate. Well, I could quote you. I just read your sentence in the brief where you said there's not any, but we're not advancing the argument. Yeah, but... So go ahead. I mean, even to the extent Roper would apply, and obviously that's an Eighth Amendment case on a completely different issue. Yes, on a death penalty case. Yes. Of a max degree. Go ahead. But the key, even with Roper, the Supreme Court has said there may be certain forms of punishment that are off the table. So no death penalty. Well, address Judge Erickson's point that to what extent do you read the indictment to have acts after age 18 as the predicate acts that authorize this so we don't have to reach these other questions? Yeah, and that's the key. We're not looking at what 14-year-old Rasheem Bogan did, what choices he made, what acts he committed. We're looking at what 28-year-old Rasheem Bogan chose and what he did. Didn't you allege a predicate act though, something back when he was 14? Didn't the government allege that as a predicate? It is certainly in the indictment and that is not exclusively... We're not seeking to punish him again on that. RICO is clear that we're not punishing the individual predicate acts. We're punishing the participation in the conspiracy. And I also want to clear up there's no requirement in a RICO conspiracy to prove that the defendant personally committed two or more acts. It is just simply the agreement to join the conspiracy with the knowledge that other associates within the enterprise will commit two or more acts. And the indictment alleged numerous predicate acts that Fifth Street committed after Mr. Bogan turned 18. But even if we're looking for two or more acts that he personally participated in, we have that with the drug trafficking that he was convicted of in the Central District of Illinois. We also have that with the nectar shooting that he committed at I believe age 29, well after the age of majority, well after even Roper would say the brain is still developing. So when it comes down to it, the government alleged sufficient predicate acts to hold Mr. Bogan accountable for his participation. Counselor, are you saying that if the pre-majority offense was excluded, that it would have limited or no effect on the outcome in this case? Correct. And it's a little bit of a different analysis I think than had we had a trial. We're still at the charging phase. So even if that 2006 act was completely off the table, that's not a reason to dismiss the entire indictment. At most, it's to kind of excise that from the indictment. And what remained was sufficient allegation of his continuing participation in this conspiracy, continuing active participation in the acts of violence and drug dealing that are what he's being held accountable for now as an adult. I think I've covered what I intended to cover with the court this morning. If there are questions, I'm happy to answer them. Obviously, the Jackson issue is off the table for this panel. The Jackson court made clear that even after Rahimi, that didn't change the analysis there. And as far as the substantive reasonableness of his sentence, the court gave a comprehensive explanation of how it weighed the different sentencing factors, recognized the good mitigating features in Mr. Bogan's life, including his family support, his friend support, his tough upbringing. And what we're really arguing about in that is just how the district court weighed the competing sentencing factors. And the court is entitled to substantial deference on that question. So for those reasons, the government asks that this court affirm. First, with respect to the juvenile issue, of course it made a great deal of difference. Otherwise, the government wouldn't have included it in the indictment in the first place. And it was determinative for Mr. Bogan in terms of whether he proceeded to trial or he did not. And the Illinois case was specifically not included or alleged in the indictment and could not have been for double jeopardy reasons, because that was also a federal case that was already litigated and was not included in the indictment. There was a general reference to drug dealing, but that particular case was not included. And so I would suggest that there was a great effect or a great impact of the decision to not either dismiss the indictment or exclude that charge from the case. With respect briefly to the substantive unreasonableness, in this particular case, the court did not consider rehabilitation at all, which is a factor that is required to consider under 3553A. The court did not consider the youth and immaturity argument. Did his counsel argue this to the district court? Yes. Good. Proceed. Yes. So there were several factors that the court did not consider or did not mention. We don't know whether he considered them or he did not consider them. And unlike the cases that government cited, Wyse, which involved a death due to heroin overdose in a major drug dealer, and a case in which there were five consecutive armed robberies, there was nothing egregious of that nature in Mr. Bogan's case to justify the leap from the top end of his actual guideline sentence to the sentence that was imposed. So we ask that the case be reversed. Thank you. Thank you. Thank you, Ms. Gambino. Thank you also, Mr. Hansen. The court appreciates both counsel's participation and argument. Though brief, it was helpful. And we'll continue to study the record and render a decision.